IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

JEREMY CAMERON,                              )
                                             )
                        Plaintiff,           )        Civil Case No. 04-272-KI
                                             )
        vs.                                  )        OPINION AND ORDER
                                             )
T-MOBILE USA, INC.,                          )
                                             )
                        Defendant.           )
_____     )


        William D. Stark
        876 Welcome Way, S.E., Suite 200
        Salem, Oregon  97302

                Attorney for Plaintiff

        Paula A. Barran
        Todd A. Hanchett
        Barran Liebman LLP
        601 SW Second Avenue, Suite 2300
        Portland, Oregon  97204-3159

-and-

Page 1 - OPINION AND ORDER

James Severson
Bingham McCutchen LLP
Three Embarcadero Center
San Francisco, California  94111

    Attorneys for Defendant

KING, Judge:

Plaintiff Jeremy Cameron brings an action against defendant T-Mobile USA, Inc., alleging violations of the Oregon Family Leave Act ("OFLA") and a claim for wrongful discharge.  Before the court is Defendant's Motion for Summary Judgment (#110), which is actually a motion for partial summary judgment, and Plaintiff's Cross-Motion for Summary Judgment (#123) on all of his claims.  For the following reasons, I deny both motions.

## BACKGROUND

After an appeal to this court's Opinion and Order (#90, 91) granting defendant's Motion for Summary Judgment, the Ninth Circuit remanded, holding questions of fact precluded granting summary judgment on portions of plaintiff's OFLA and wrongful discharge claims.  Specifically, the Ninth Circuit held a "finder of fact could conclude that T-Mobile counted protected absences against Cameron in violation of" the OFLA regulation making it an unlawful employment practice to count protected absences against an employee in determining an employee's compliance with an attendance policy.  Cameron v. T-Mobile USA, Inc., No. 05-35489, 250 Fed. Appx. 828 (9th Cir. Oct. 12, 2007).  The Ninth Circuit held similar factual questions precluded summary judgment on plaintiff's wrongful discharge claim grounded in the same allegations.  The Ninth Circuit remanded for the court to consider whether plaintiff could survive summary judgment on his OFLA claim that defendant retaliated against him for

"objecting to the company's family leave policies." Id. Finally, in the Opinion and Order on defendant's initial motion for summary judgment, I dismissed the portion of plaintiff's wrongful discharge claim that was based on plaintiff's alleged objections to the discipline he received for sick child-related absences. That holding was not directly addressed in the Ninth Circuit's opinion.

Accordingly, the claims remaining in this case are:

(1) Defendant violated the OFLA because, in making the decision to terminate plaintiff's employment, it counted plaintiff's absences to care for a sick child against him;[1]

(2) Defendant violated the OFLA because it terminated plaintiff in retaliation for comments he made about discipline he received for those absences;[2]

(3) Defendant wrongfully discharged plaintiff because it counted one or more absences due to the need to care for a sick child as part of the decision to terminate plaintiff's employment.[3]

As an initial matter, I do not include facts relating to plaintiff's absences for his sick children, as those facts are relevant to the question that will be resolved at trial. Suffice it to say that plaintiff admits he had tardiness and attendance problems at T-Mobile, but he contends that many absences were due to his need to care for a sick child. Plaintiff contends that he did not know he had OFLA rights at the time he was employed with T-Mobile, but that he informed

---

[1] This kind of claim is known under the Family Medical Leave Act as an interference cause of action, and so I will identify it below as the OFLA interference claim.

[2] I will refer to this as plaintiff's OFLA retaliation cause of action.

[3] I will refer to this as plaintiff's wrongful discharge interference claim.

defendant of his need to care for a sick child on more than one occasion.  T-Mobile disputes the

real reasons for plaintiff's absences and whether plaintiff reported to T-Mobile that some of the

absences were to care for a sick child.

       T-Mobile hired plaintiff as a Customer Care Representative in October 2001 to work in

its Salem Call Center.  Plaintiff's wife at that time, Katrina Cameron, also worked at T-Mobile's

Salem Call Center.

       Following a meeting about the 2003 attendance policy in November or December 2002,

plaintiff and two fellow employees asked Therese Prock, their supervisor, about how absences

due to sick children would be handled under a new attendance policy.  Prock allegedly confirmed

that unplanned absences for sick children would count against employees.

       On February 1, 2003, plaintiff sent an email requesting to take a vacation day on either

February 6 or 7, 2003.  All available time slots for those days were filled and his request was

denied.  He then asked for a vacation day on February 10, 13, or 14, 2003.  His request was

granted and he was scheduled for a vacation day on February 10, 2003.

       Plaintiff called in sick on February 6 and 7.  When he called in sick on February 6, Prock

told him there may be some issues with respect to his unplanned absences and that his absence

could lead to termination.  When he called in sick on February 7, Nicole Webster at Workforce

Management reminded plaintiff that he was on written warning and notified him that his

absences on February 6 and 7 could result in his termination.  He responded he "thought it was

terrible that it would still count against me for taking care of the children at that time."

Cameron's Dep. at 79:16-18.  Workforce Management was responsible for creating work

schedules and coordinating employee requests for time off, and employees were required to call

both their supervisor and Workforce Management if they were going to be absent.

Prock prepared a Request for Termination form on February 7, 2003, which was

approved by a manager.  Plaintiff was terminated on February 13, 2003, when he returned to

work.

## DISCUSSION

I.    <u>Defendant's Motion for Summary Judgment</u>

Defendant moves for summary judgment on plaintiff's OFLA retaliation claim (that he

was terminated for objecting to the discipline he received for his allegedly protected absences),

plaintiff's wrongful discharge claim, and on its after-acquired evidence affirmative defense.

A.    <u>OFLA Retaliation Claim</u>

To establish a *prima facie* claim for retaliation, plaintiff must show that (1) he engaged in

a statutorily protected activity; (2) that he was terminated; and (3) that a causal link exists

between the protected activity and the adverse action.  <u>Washington v. Fort James Operating Co.</u>,

110 F. Supp. 2d 1325, 1330 (D. Or. 2000) (describing elements of FMLA retaliation cause of

action).[4]  The causal link can be inferred from circumstantial evidence, such as the proximity in

time between the protected activity and the retaliatory employment decision.  <u>Yartzoff v.

Thomas</u>, 809 F.2d 1371, 1376 (9th Cir. 1987) (holding that a two-to-three-month delay was not

too long).

---

[4]OFLA is to be construed "in a manner consistent with any similar provisions of the
Family Medical Leave Act."  ORS 659A.186(2) (2007).

Plaintiff's OFLA retaliation claim is based on two alleged conversations.[5]  The first occurred in November or December 2002 when he and two fellow employees asked their supervisor, Therese Prock, about how absences to care for sick children would be treated under the new 2003 absence policy.  She allegedly told them that such absences would count as occurrences.  The second conversation took place on February 7, 2003, on the day he called in sick, and just before he was terminated.  He told Nicole Webster, who worked in Workforce Management, that he "thought it was terrible that it would still count against me for taking care of the children at that time."  Cameron Dep. 79:16-18.

Defendant argues neither conversation constitutes opposition or resistance to treatment plaintiff received–the first was a question about how absences would be treated, and the second was a general statement about the unfairness of the absence policy.  Defendant also argues there is no evidence connecting plaintiff's termination to these comments.  According to defendant, plaintiff cannot show he would still be working for defendant but for these statements.  Plaintiff asked Prock his question about the treatment of sick child leave in November or December 2002, and he was not terminated until February 13, 2003.  The comment to Webster was made after the absence on February 6 that resulted in plaintiff's termination.  It was Prock who recommended plaintiff's termination, which was approved by a supervisor, and plaintiff has no evidence Prock or the supervisor knew about plaintiff's comment to Webster.

---

[5]In his memoranda, plaintiff recites other pages from his deposition for the proposition that he engaged in other statutorily protected activity.  Other than the two comments noted above, however, plaintiff does not identify any other inquiries or opinions that could be considered statutorily protected conduct.

On defendant's initial motion for summary judgment against the wrongful discharge retaliation claim (a claim based on the same two comments), I held that the first comment could not, as a matter of law, be the basis for his claim because it did not evidence plaintiff's opposition or resistance to the treatment of sick child absences.  See Goodlette v. LTM, Inc., 128 Or. App. 62, 65, 874 P.2d 1354 (1994) (tort covers discharges caused by employee's resistance to discrimination).  As for the second comment, I held the conversation on February 7 took place after the absence that resulted in plaintiff's termination.

To the extent the Ninth Circuit remanded the wrongful discharge claim, I reiterate my holding with regard to the first comment.  Plaintiff's comment does not evidence his opposition or resistance to the treatment of absences for purposes of a wrongful discharge claim.

Contrary to a wrongful discharge claim, however, the OFLA is broadly written to protect employees from retaliation for simply inquiring about the OFLA.  The applicable provision provides,

It is an unlawful employment practice for a covered employer to:

(1) . . .

(2) Retaliate or in any way discriminate against an individual with respect to hire or tenure or any other term or condition of employment because the individual has inquired about the provisions of [the OFLA], submitted a request for family leave or invoked any provision of [the OFLA].

ORS 659A.183 (2007).  This provision, combined with regulations placing the onus on the employer to obtain additional information in determining whether the leave qualifies under the OFLA, and relieving employees of the obligation of identifying the absence as OFLA leave, suggests that the statute protects the kind of question posed by plaintiff.  OAR 839-009-0250(1). Accordingly, viewing plaintiff's comment in the light most favorable to him, the comment could

Page 7 - OPINION AND ORDER

be considered an inquiry about time off for a reason that is protected under the OFLA. As a result, I decline to say as a matter of law that plaintiff's question about the treatment of absences to care for sick children is not the kind of statutorily-protected activity the statute was designed to address.

Plaintiff's *prima facie* case on the causal connection between his inquiry and his termination is weak, but sufficient to survive summary judgment. He made the comment to Prock, Prock requested his termination, and Prock made that request between two and three months after plaintiff asked the question. Boynton-Burns v. University of Oregon, 197 Or. App. 373, 380-81, 105 P.3d 893 (2005) ("If the plaintiff attempts to establish the causal connection indirectly, relying on mere temporal proximity between the events, the events must be 'very close' in time"); Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1065 (9th Cir. 2002) (causation based on timing alone where termination "follows on the heels" of protected activity).

Plaintiff made the second comment, when he called in sick on February 7, in response to Webster's reminder to him that he was on written warning and that his absences on February 6 and 7 could result in his termination. He said he "thought it was terrible that it would still count against me for taking care of the children at that time." Cameron's Dep. at 79:16-18. This comment, too, could be considered statutorily-protected conduct as it is a statement about plaintiff's inability to take time to care for his sick children as needed without consequences.

With regard to the remainder of defendant's arguments, it is true that I previously held the conversation on February 7 took place after the absence that resulted in plaintiff's termination. I have reconsidered that decision given that the Request for Termination form was completed on February 7, and it noted both February 6 and 7 as "date of incident(s)." Pl.'s Ex. 19 at 2. This

Page 8 - OPINION AND ORDER

evidence, together with the extremely close temporal proximity between the date plaintiff made

the comment and the date he was terminated, persuades me that plaintiff has met his *prima facie*

burden of connecting his termination with his comment. <u>Boynton-Burns</u>, 197 Or. App. at 380-

81; <u>Villiarimo</u>, 281 F.3d at 1065. If Webster was not involved in the termination decision, the

issue can be easily resolved at trial.[6]

      In sum, I deny defendant's motion for summary judgment on plaintiff's OFLA retaliation

claim.

      B.    <u>Wrongful Discharge</u>

      Defendant argues plaintiff's wrongful discharge claim should be dismissed because he

has an existing remedy that adequately protects the public interest.

      "[A] claim for common law wrongful discharge is not available in Oregon if (1) an

existing remedy adequately protects the public interest in question, *or* (2) the legislature has

intentionally abrogated the common law remedies by establishing an exclusive remedy

(regardless of whether the courts perceive that remedy to be adequate)." <u>Draper v. Astoria</u>

<u>School Dist. No. 1C</u>, 995 F. Supp. 1122, 1130-31 (D. Or. 1998)

      Defendant contends that the Oregon legislature knew what it was doing, and the

legislature did not include remedies available under other statutory schemes, such as

compensatory and punitive damages. The question is whether the remedy <u>adequately protects the</u>

<u>public interest in question</u>. It argues the remedies outlined by the legislature are sufficient.

---

    [6]As a result, to the extent the Ninth Circuit remanded this portion of the wrongful
discharge claim, I have reconsidered my holding on defendant's initial motion for summary
judgment, thereby reviving this portion of plaintiff's wrongful discharge claim.

In response, plaintiff points to <u>Yeager v. Providence Health System</u>, 195 Or. App. 134 (2004), 96 P.3d 862 (2004), but that case held only that plaintiff properly alleged both an OFLA and a wrongful discharge claim; it did not consider whether the statutory remedies were adequate.

I do not accept defendant's argument. If one always assumes the legislature knew what it was doing in crafting the remedies available for a statutory violation, there would be no reason to evaluate whether existing remedies adequately protect the public interest. Furthermore, as plaintiff points out, defendant has not provided sufficient analysis of the statutory remedies for me to conclude that they adequately protect the public interest. See <u>Daoud v. Avamere Staffing, LLC</u>, 336 F. Supp. 2d 1129, 1141 (D. Or. 2004) (denying summary judgment because defendant failed to discuss the various remedies available under the FMLA, and suggesting such remedies may be inadequate because non-economic damages are not available).

In sum, defendant's motion for summary judgment is denied on this issue.

C.    <u>After-Acquired Evidence</u>

Defendant argues plaintiff's damages are limited because it can show by a preponderance of the evidence that it would have fired plaintiff for misconduct had it known about it at the time. See <u>McKennon v. Nashville Banner Publishing Co.</u>, 513 U.S. 352, 360-63 (1995); <u>O'Day v. McDonnell Douglas Helicopter Co.</u>, 79 F.3d 756, 761 (9th Cir. 1996). Defendant must show that "the wrongdoing was of such a severity that the employee would have been terminated on those grounds alone if the employer had known of it at the time of the discharge." <u>McKennon</u>, 513 U.S. at 362-63. In addition, the analysis is focused "on the employer's actual employment practices, not just standards established in its employee manuals, and reflects a recognition that

employers often say they will discharge employees for certain misconduct while in practice they do not." O'Day, 79 F.3d at 759.

The relevant evidence on which defendant bases its defense is plaintiff's ex-wife Katrina Cameron's transcribed message she left for Brent Felderman in defendant's Human Resources Department on November 22, 2004. In that message, she said that some of plaintiff's absences were due to his gambling problems. In addition, in her declaration she states, "[Plaintiff] has an alcohol problem and on several occasions missed work because he had been out all night. When he returned, he smelled of alcohol, smoke and other people's perfume. While he did occasionally miss work to care for our children, a majority of the time it was due to other reasons unrelated to our children." Katrina Cameron Decl. at ¶ 5. Dana August-Sanchez, in defendant's Human Resources Department, testifies in an affidavit that it is defendant's "practice to terminate employees who falsify the reasons for their absences." August-Sanchez Decl. at ¶15. According to defendant, plaintiff's damages should be limited as of November 22, 2004, the date it learned of the misconduct.

Plaintiff asserts Katrina Cameron's declaration is vague and unspecific, that defendant can point to no other employees terminated for this reason, and no policy stating that employees would be terminated for giving a false reason for their absences.

I deny defendant's motion for summary judgment on this issue because defendant has not met its burden of proving by a preponderance of the evidence that it would have fired plaintiff. Defendant offers only the testimony of August-Sanchez that it is defendant's "practice to terminate employees who falsify the reasons for their absences," without offering any corroborating evidence in the form of a company policy that could "plausibly be read to require"

Page 11 - OPINION AND ORDER

the discharge, or a demonstration that it has terminated other employees for this conduct. August-Sanchez Decl. at ¶ 15; O'Day, 79 F.3d at 762-64. Furthermore, defendant has not offered any testimony that it would have accepted Katrina Cameron's statement alone in terminating plaintiff's employment, without conducting any further investigation. Finally, I cannot say that the conduct is so egregious that it would be "common sense" that a company would terminate an employee for the conduct. Cf. O'Day, 79 F.3d at 764 (employee searched through supervisor's desk and read "personal/sensitive" memoranda).

Accordingly, I deny defendant's motion for summary judgment on its affirmative defense of after-acquired evidence.

II.   Plaintiff's Cross-Motion for Summary Judgment

Plaintiff moves for summary judgment on all of his claims. Plaintiff relies on his response to defendant's Motion for Summary Judgment, as well as his filings in the previous summary judgment proceedings.

On the OFLA interference and wrongful discharge claim, as I noted in my Opinion and Order (#44) on plaintiff's motion for summary judgment, defendant contends that plaintiff's absences, even excluding those which plaintiff alleges were protected, were sufficient in number to fire him. Thus, with respect to the wrongful discharge claim, there is a dispute as to whether any alleged protected activity was a substantial factor in the termination decision. As for the OFLA interference claim, the OFLA provides that leave need not be given if another family member is available to care for the child. ORS § 659A.162(5). Defendant previously submitted evidence that Katrina Cameron was able to care for the sick children. Defendant also disputes

that plaintiff informed it that he was absent to care for sick children. All of these issues raise questions of material fact precluding summary judgment in plaintiff's favor.

On the OFLA retaliation and wrongful discharge claims, plaintiff fails to demonstrate that no issues of material fact remain that defendant terminated plaintiff's employment because of comments he made. To the contrary, questions exist as to whether defendant considered the comments in making the decision to terminate plaintiff's employment.

As for defendant's after-acquired evidence affirmative defense, material issues of fact remain as to whether plaintiff lied to his employer about the reasons for his absences, and whether defendant would have terminated plaintiff's employment had it known he was lying.

Accordingly, plaintiff's motion for summary judgment is denied.

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment (#110) is denied, and Plaintiff's Cross-Motion for Summary Judgment (#123) is also denied.

IT IS SO ORDERED.

Dated this _____31st_____ day of March, 2008.


                                    _/s/ Garr M. King_____
                                    Garr M. King
                                    United States District Judge


Page 13 - OPINION AND ORDER